UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CSABA MAROSAN

Plaintiff

v.

DECISION AND ORDER
12-cv–151

TROCAIRE COLLEGE,

Defendant.

---

**Introduction**

Before the Court is defendant Trocaire College's ("Trocaire") motion to dismiss plaintiff Csaba Marosan's ("Dr. Marosan") complaint alleging breach of contract and employment discrimination on the basis of age and sexual orientation and Plaintiff's motion for an extension of time to serve his complaint. Defendant argues that the complaint should be dismissed for untimely service pursuant to Federal Rule of Civil Procedure 4(m). Defendant also argues that Plaintiff's breach of contract action must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because it fails to state a claim and Federal Rule of Civil Procedure 12(b)(1) because it is barred by the statute of limitations. Plaintiff contends that good cause exists to extend the time for service and that the complaint should not be dismissed.

For the reasons set forth below, the Court grants Defendant's motion to

dismiss Plaintiff's complaint based upon untimely service and denies Plaintiff's motion for an extension of time to file the complaint. Because the entire complaint will be dismissed for failure to effect timely service, the Court will not address the remaining grounds of Defendant's motion.

## Relevant Facts

Dr. Marosan, a physical sciences professor, filed the instant complaint against his former employer, Trocaire College, on February 16, 2012. The complaint sets forth the following causes of action: (1) failure to promote and unlawful termination under the Age Discrimination in Employment Act; (2) sexual orientation discrimination under the New York State Human Rights Law and Sexual Orientation Non-Discrimination Act; and (3) breach of his Instructional Contract which is governed by the terms and conditions set forth in the Collective Bargaining Agreement between Trocaire and the Trocaire Faculty Association.

According to an affidavit filed by Trocaire's counsel in support of the motion to dismiss, approximately 10 days after the complaint was filed, counsel for Plaintiff telephoned Defendant's counsel and asked if he would accept service of the complaint on behalf of Trocaire. Defendant's counsel informed Plaintiff's counsel that before accepting service he would first have to confer with his client.

A few days later, Defendant's counsel telephoned Plaintiff's counsel and left a message stating that he would accept service of the complaint on behalf of

Trocaire. Defendant's counsel states, in his affidavit, that he received no further communication from Plaintiff's counsel until June 19, 2012, when he received a copy of the summons and complaint by mail. The certificate of service for the summons and complaint states that the complaint was served on June 15, 2012. However, the postage meter stamp on the envelope containing the summons and complaint was dated June 18, 2012.

## **Procedural Posture**

On July 5, 2012, Trocaire filed the instant motion to dismiss for, *inter alia*, untimely service, at which time this Court entered a briefing schedule. After Plaintiff's counsel, Frank T. Housch, made seven motions requesting an extension of time to respond, Plaintiff filed a response to Defendant's motion on October 4, 2012. Defendant filed a reply on October 12, 2012. The Court held oral argument with respect to Defendant's motion to dismiss on December 18, 2012.

On January 31, 2013, Plaintiff Marosan filed a proposed order substituting attorney David J. Seeger for attorney Frank T. Housch as Plaintiff's counsel of record in this case. On that same day, Plaintiff filed the instant motion for an extension of time to serve his complaint. The Court herein addresses both Defendant's motion to dismiss and the motion for an extension of time to serve,

filed by Plaintiff's new counsel.[1]

**Discussion**

1. *The Complaint was not timely served*.

Pursuant to Federal Rule of Civil Procedure 4(m), a complaint must be served within 120 days after it is filed. *See* Fed. R. Civ. P. 4(m). The instant complaint was filed on February 16, 2012. Therefore, the 120-day period of service ended on June 15, 2012. Defendant argues that since the envelope in which the complaint was mailed shows that postage was affixed by a postage meter stamp and the stamp is dated June 18, 2012, it is impossible for the complaint to have been deposited in a mail box before June 18, 2012. Since the 120-day service period expired on June 15, 2012, Defendant contends that the service was untimely. In response, Plaintiff points to the certificate of service, which states that the complaint was served on June 14, 2012. In his response to Defendant's motion to dismiss for untimely service, Plaintiff maintains that service was timely and that the complaint should not be dismissed.

The Federal Rules of Civil Procedure provide that "service by mail is complete upon mailing." *See* Fed. R. Civ. P. 5(b). The Second Circuit has interpreted this to mean that "service under Rule 5(b) is accomplished when the

[1] Because Defendant's initial motion to dismiss argued, in detail, that good cause did not exist to extend Plaintiff's time to serve the complaint, the Court determined that, with respect to Plaintiff's motion to extend his time for service, responsive papers and oral argument were not necessary.

envelope is deposited at a post office or in a mail box." *Greene v. WCI Holdings, Corp.*, 136 F.3d 313 (2d Cir. 1988). Courts in this circuit have found that postmark dates or a postal cancellation stamp do not provide sufficient evidence for a court to question a properly executed certification of service indicating that service was completed on an earlier date. *Sadowski v. Technical Career Institutes*, 1993 U.S. Dist. LEXIS 10694 (SDNY 1993). *See also Coles v. Sunshine Biscuits, Inc.*, 1977 WL 1821, at *1 (EDNY 1977) (finding a motion timely based upon affidavit of service which states that the motion papers were deposited on December 27, the last date for timely service, even though the envelope was postmarked on December 28); *Engel v. Lichterman*, 62 N.Y.2d 943, 944 (1984) ("A properly executed affidavit of service raises a presumption that a proper mailing occurred.")

The problem herein is that Plaintiff has not submitted a properly executed certificate of service indicating that a proper, timely mailing has occurred. The certificate of service is dated June 15, 2012 and states, in conclusory language, that Plaintiff's counsel "served the summons on [Defendant's counsel], who is designated by law to accept service on behalf of Trocaire College on June 14, 2012." The certificate of service does not explain how service was accomplished nor does it state when the complaint was deposited in the mail, which is the crucial date for proper service pursuant to Rule 5(b).

Furthermore, Plaintiff's papers are silent as to when the complaint was

actually placed in the mail. During oral argument, the Court questioned Plaintiff's prior counsel regarding the basis of the June 14, 2012 date on the affidavit. Plaintiff's counsel stated that it was "based on [his] handing it to [his] receptionist on the 14th" and her telling him "she was going to mail it on the 14th." Plaintiff's counsel was unable offer any additional information as to when the complaint was actually placed in the mail. Indeed, handing the complaint to a law office receptionist does not effect proper service.

All of the credible evidence before this Court, including the postage meter stamp date and the statements made by Plaintiff's prior counsel during oral argument, indicates that the complaint was not timely served. *See FDIC v. O'Connor*, 2008 U.S. Dist. Lexis 49219 (SDNY 2008) (service not considered proper where conclusory statements printed in the affidavit as to the dwelling place of the person served were refuted by the weight of the evidence submitted by the defendant to the contrary); *Almonte v. Suffolk County*, 2012 U.S. Dist. LEXIS 69465 (EDNY 2012) (plaintiff bears the burden of proving, by a preponderance of the credible evidence, that service was adequate); *C3 Media & Mktg. Group, LLC v. Firstgate Internet, Inc.*, 419 F. Supp. 2d 419, 427 (SDNY 2005) (conclusory statements that service was properly effectuated are insufficient to carry plaintiff's burden).

Since Plaintiff has offered no proof that the complaint was deposited in a mail box or at a post office on or before June 15, 2012, the Court finds that

service was untimely and that the complaint should be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

*2. <u>Good cause does not exist to extend Plaintiff's time for service</u>.*

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*See* Fed. R. Civ. P. 4(m). Good cause to excuse deficient service is "generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond his control." *National Union Fire Ins. Co. V. Sun*, 1994 U.S. Dist. LEXIS 11934 (SDNY 1994). Importantly, an attorney's inadvertence, neglect, or ignorance of the rules does not constitute good cause for untimely service. *Davis v. City of New York*, 2008 U.S. Dist. LEXIS 47869 (SDNY 2008).

There is no good cause here to extend Plaintiff's time for service. After obtaining defense counsel's consent to accept service, Plaintiff's prior attorney waited approximately three and a half months before actually serving the complaint. During oral argument, Plaintiff's counsel offered no explanation as to why he waited so long to mail the complaint, nor did he explain why he did not ensure that proper and timely service was made. Such conduct does not

constitute good cause for an extension of time under Rule 4(m). *See McGregor v. United States*, 933 F.2d 156, 160 (2d Cir. 1991) (good cause will not be found where the omission is the product of inadvertence, neglect, mistake or misplaced reliance); *Feingold v. Hankin*, 269 F. Supp. 2d 268, 276 (SDNY 2003) ("a mistaken belief that service was proper does not constitute good cause").

The Second Circuit has determined that even in the absence of good cause, the court has the discretion to extend the time for service of a complaint. *Zapata v. City of New York*, 502 F.3d 192 (2d Cir. 2007) ("We join several other circuits and hold that district courts may exercise their discretion to grant extensions under Rule 4(m) absent a showing of good cause.") When deciding whether to exercise discretion and extend the time for service in absence of good cause, courts in this circuit consider: "(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by granting of plaintiff's request for relief from the provision." *Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 505 (SDNY 1999).

After weighing each of these factors, the Court declines to exercise its discretion to extend the time for service. If the complaint is dismissed, the application statute of limitations will bar Plaintiff from pursing his claim under the

Age Discrimination in Employment Act. However, these consequences are the result of Plaintiff's prior counsel's inexcusable neglect and failure to serve the summons and complaint for three and a half months after obtaining consent to serve Defendant's attorney. *Eastern Refractories,* 187 F.R.D. at 505 ("The fact that plaintiff's claims may be time-barred does not require us to exercise our discretion in favor of the plaintiff.")

Moreover, Plaintiff admits that while the statute of limitations has run on Plaintiff's claim under the Age Discrimination in Employment Act, he has one viable federal claim remaining that is not time barred. *See Fernandez v. M & L Milevoi Management, Inc*., 357 F. Supp. 2d 644 at 651 (EDNY 2005) (claims brought under the 1991 amendments to Section 1981 of Title 42 of the United States Code are governed by the four year statute of limitations prescribed by 28 U.S.C. §1658). Therefore, even if the instant complaint is dismissed and Plaintiff is precluded from pursuing his claim under the Age Discrimination in Employment Act, Plaintiff has not lost his ability to bring a federal claim for employment discrimination under Section 1981 of the Civil Rights Act.

With respect to the second and fourth factors, both of which address potential prejudices to the respective parties, Plaintiff argues that Defendant had actual notice of the lawsuit by late February 2012, within two weeks of the suit having been filed. While Defendant's prior notice of the lawsuit may lessen potential prejudice, it is clear that the Defendant would also suffer prejudice by

extending the time for service beyond the limitation period for the action. In *Zapata*, the Second Circuit recognized that "in the absence of good cause, no weighing of the prejudices between the two parties can ignore that the situation is the result of the plaintiff's neglect." 502 F.3d at 198.

Here, the untimely service is solely due to Plaintiff's prior counsel's apparent neglect in failing to properly and timely effect service. Moreover, after Defendant filed a motion to dismiss, Plaintiff's prior counsel requested seven extensions of time to file a response, thereby further unnecessarily and excessively extending the time delay for everyone involved. In considering the potential prejudices, it is important to note that Plaintiff retains at least one federal claim that is not time barred. After weighing the potential prejudice for both parties, the Court finds that the balance falls in favor of the Defendant.[2]

After carefully weighing all four factors discussed above, the Court declines to exercise its discretion to extend Plaintiff's time to serve the complaint.

**Conclusion**

For the foregoing reasons, Defendant's motion to dismiss the complaint is granted in its entirety and Plaintiff's motion to extend the time for service is dismissed in entirety. The complaint will be dismissed without prejudice. The Clerk of the Court is directed to close the case.

---

[2] With respect to the third factor, there is no evidence that Defendant attempted to hide the defect in service.

SO ORDERED.

*s/ Richard J. Arcara*

HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: February 8, 2013